IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PEDRO ANAYA, NORMA L. ANAYA and BIBLE CHRISTIAN CHURCH, INC., | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No.  4:04-CV-373 |
| SOUTH-WEST DISTRICT OF THE BIBLE MISSIONARY CHURCH, INC., BIBLE MISSIONARY CHURCH, INC., PAUL EVERSOLE, BOBBY G. DYAL, JR., and DANIEL BENITEZ | § § § § § § § | |
| Defendants. | § | |

**ORDER DENYING BIBLE MISSIONARY CHURCH, INC.'S RULE 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND/OR FOR LACK OF SUBJECT MATTER JURISDICTION, MOTION TO DISMISS OR TO TRANSFER BASED UPON VENUE**

This matter is before the court on Defendant Bible Missionary Church, Inc.'s Rule 12(b) Motion to Dismiss for Failure to State a Claim and/or for Lack of Subject Matter Jurisdiction, Motion to Dismiss or to Transfer Based Upon Venue [Dkt. #6], Plaintiffs' Response, filed on December 3, 2004 [Dkt. # 11], Defendant's Reply, filed on December 10, 2004 [Dkt. # 14], and Plaintiffs' Sur-reply, filed on December 22, 2004 [Dkt. # 19]. Upon consideration of the parties' written submissions and the applicable law, the court is of the opinion that Defendant Bible Missionary Church, Inc.'s Rule 12(b) Motion to Dismiss for Failure to State a Claim and/or for Lack of Subject Matter Jurisdiction, Motion to Dismiss or to Transfer Based Upon Venue should be DENIED in its entirety.

1

I. BACKGROUND

Since December of 2002, Pedro Anaya has been the Pastor of a congregation of Christians who have worshiped at 318 E. Oakenwald, Dallas in Dallas County, Texas. Pls.' Third Am. Compl. at 3. According to Plaintiffs Pedro and Norma Anaya, (the "Anaya Plaintiffs"), the congregation was affiliated with the Bible Missionary Church, Inc. (the "Bible Missionary Church") from sometime after December 2002 until July 16, 2004, when the congregation withdrew its membership from the Bible Missionary Church. *Id*. On July 18, 2004, the congregation, including Plaintiffs Pedro and Norman Anaya, affiliated with the Pilgrim Nazarene Church. *Id*.

Paul Eversole and Bobby G. Dyal, Jr. were involved with the Bible Missionary Church, Inc. and the South-West District of the Bible Missionary Church by serving on various committees. *Id*. at 4. Eversole and Dyal also served as officers of the Bible Missionary Church. *Id*. Daniel Benitez was a pastor affiliated with the Bible Missionary Church. *Id*.

According to the Anaya Plaintiffs, Eversole, Dyal and Benitez sought to discredit Pedro Anaya in the eyes of his congregation. *Id*. According to the Anaya Plaintiffs, Eversole, Dyal and Benitez made false and misleading allegations against Pedro Anaya and brought allegedly unfair ethical complaints regarding Pedro Anaya to the church's District Board of Discipline. *Id*. at 4-5. Following the Anaya Plaintiffs' disaffiliation from the Bible Missionary Church, Eversole allegedly wrote misleading and defamatory letters to the "Department of U.S. Citizenship and Immigration Services" about Pedro Anaya's employment and character. *Id*. at 7, 8. The Anaya Plaintiffs also allege that on July 18, 2004, Eversole called the Dallas Police to their

congregation's meeting site and that the South-West District of the Bible Missionary Church filed a Petition to Quiet Title, both as means to retaliate against and discredit Pedro Anaya. *Id*. at 8-9.

Plaintiff Bible Christian Church, voted to disaffiliate from the Bible Missionary Church on October 3, 2003. *Id*. at 9. According to Bible Christian Church, after Bible Christian Church withdrew its membership from Bible Missionary Church, Bible Missionary Church demanded Bible Christian Church reimburse a debt that Bible Missionary Church previously represented had been satisfied. *Id*. at 9-10.

According to all Plaintiffs, Bible Missionary Church "is engaged in an orchestrated effort across the United States to maliciously retaliate against persons who choose to disaffiliate from their fellowship." *Id*. at 10.

II. SUBJECT MATTER JURISDICTION

District courts may dismiss a complaint if it lacks jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). "Lack of subject matter jurisdiction may be found in the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts." *Elizondo*, 2005 WL 823353 at *1, citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction." *Id*. "'Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief.'" *Id*., citing *Ramming, supra*. (citing *Home Builders Ass'n of Miss., Inc.*

*v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Defendants argue the Plaintiffs' claims are barred by the Free Exercise Clause of the First Amendment. Defs.' Mot. to Dismiss at 2. In support of their argument, Defendants cite to cases where the First Amendment bars subject matter jurisdiction in ecclesiastical disputes between a church and its pastor or members. *Id*. However, the instant case appears to be a dispute between Bible Missionary Church and a former pastor and member. Therefore, any bar the First Amendment would arguably provide in an ecclesiastical dispute between and church and its current pastor or members is inapplicable in this case. The court has subject matter over this dispute.

II. VENUE

According to 28 U.S.C. § 1391, in a civil action based either on diversity or federal question jurisdiction (see Plaintiffs' claim for declaratory judgment), venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. §§ 1391(a)(2) and 1391(b)(2). Plaintiffs assert Defendant Daniel Benitez, a resident of McKinney, Texas, located in the Eastern District of Texas, was active in the alleged conspiracy to retaliate against those who disaffiliated from the Bible Missionary Church. Pls.' Third Am. Original Compl. at 10, 20-22. Because the causes of action set forth in Plaintiffs' complaint arose in part in the Eastern District of Texas, venue is proper in the Eastern District of Texas, Sherman Division.

III. MOTION TO TRANSFER VENUE

Title 28, U.S.C. § 1404 (a) provides: "For the convenience of parties and witnesses, in the

interest of justice, a district court may transfer any civil action to any other district or division where [the case] might have been brought." 28 U.S.C. § 1404 (a). For a section 1404(a) transfer to be proper, two initial conditions must be met. First, venue must be proper in the transferor court. *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 n.1 (S.D. Tex. 1999). Second, the transferee court must be a "district or division where [the case to be transferred] might have been brought." *Id*. Venue must be proper in the transferee court, and the transferee court must have personal jurisdiction over the defendant. *Id*.

Before granting such a motion, courts consider certain factors relevant to determining the convenience of the parties and witnesses, which may include:

> (1) the plaintiff's choice of forum; (2) the convenience of parties and witnesses; (3) the place of the alleged wrong; (4) the location of counsel; (5) the cost of obtaining the attendance of witnesses; (6) the accessibility and location of sources of proof; and (7) the possibility of delay and prejudice if transfer is granted.

*See LeDoux v. Isle of Capri Casinos, Inc.*, 218 F. Supp. 2d 835, 836-37 (E.D. Tex. 2002). Additionally, courts consider certain factors relevant to the public interest, including: (1) the administrative difficulties caused by court congestion; (2) the local interest in adjudicating local disputes; (3) the unfairness of burdening citizens in an unrelated forum with jury duty; and (4) the avoidance of unnecessary problems in conflict of laws. *See Id*.

The party who files a motion to change venue under section 1404(a) bears the burden of proving why venue should be changed. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). "To prevail, the litigant must demonstrate that the balance of convenience and justice

*substantially* weighs in favor of transfer." *Mohamed v. Mazda Motor Corp.*, 90 F. Supp. 2d 757, 768 (E.D. Tex. 2000) (citation omitted). "The court should not transfer venue where the result will be merely to shift the expense and inconvenience from one party to the other." *Enserch Int'l Exploration*, *Inc. v. Attock Oil Co.*, *Ltd.*, 656 F. Supp. 1162, 1167 n.15 (N.D. Tex. 1987) (citation omitted).

*Convenience Factors*

1. The Plaintiff's Choice of Forum

The plaintiff's "right to choose a forum is 'well-established,' and the choice is usually highly esteemed." *Z-Tel Communications, Inc. v. SBC Communications, Inc.*, 331 F. Supp. 2d 567, 571 (E.D. Tex. 2004); *In re Triton Ltd. Sec. Litig.*, 70 F. Supp. 2d 678, 688 (E.D. Tex. 1999)(quoting *Texas Instruments, Inc. v. Micron Semiconductor*, 815 F. Supp. 994, 996 (E.D. Tex. 1993)). A plaintiff's choice of an inconvenient forum may not inflict upon defendant "expense or trouble not necessary to [plaintiff's] own right to pursue his remedy." *Z-Tel*, 331 F. Supp. 2d at 572 (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). Nonetheless, the plaintiff's choice of forum will rarely be disturbed "unless the balance is strongly in favor of the defendant." *Id*. Therefore this court will not disturb Plaintiffs' choice of forum in the Eastern District of Texas, Sherman Division, without a showing that the balance of factors strongly favors transfer.

2. Convenience of the Parties and Witnesses

Along with stating that the Anaya Plaintiffs and Defendant Dyal reside in Dallas, Bible Missionary Church has only broadly asserted that "many of the potential witnesses are located in

Dallas." Def.'s Reply at 11. Without more, Bible Missionary Church has not established what inconvenience these witnesses and parties will suffer if this case is tried in the Eastern District of Texas.  Bible Missionary Church's motion to transfer does not include a list of potential witnesses and their addresses, and as a result, the court cannot discern what greater convenience could be achieved in the Northern District of Texas. Without a factual showing favoring convenience, this factor does not weigh in favor of transfer.

3. The Place of the Alleged Wrong

Defendant appears to argue that the church at 318 E. Oakenwald, Dallas, in Dallas County, Texas, is the place of the alleged wrong. Def.'s Reply at 10. However, it is unclear where the place of the alleged wrong is located, and with allegations that defamation and civil conspiracy partly took place in the Eastern District, this factor does not weigh in favor of transfer.

4. Location of Counsel

The U.S. Court of Appeals for the Fifth Circuit considers location of counsel "irrelevant and improper" when determining whether or not to transfer venue. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2003). The court will disregard this factor.

5. The Cost of Obtaining the Attendance of Witnesses

Bible Missionary Church has not made a showing of how costly it would be to obtain the attendance of witnesses.

6. The Accessibility and Location of Sources of Proof

Bible Missionary Church has not made a showing regarding the accessibility and location

of sources of proof.

7. The Possibility of Delay and Prejudice if Transfer is Granted

This case is in the later stages of discovery. To transfer the action now would cause delay and prejudice to the Plaintiffs. This factor weighs against transfer.

*Public Interest Factors*

1. Administrative Difficulties Caused by Court Congestion

Bible Missionary Church has not made a showing that court congestion weighs in favor of transfer.

2. Local Interest in Adjudicating Local Disputes

According to the Plaintiffs, defamatory statements directed at Pedro Anaya were communicated and published in the Eastern District of Texas. Pls.' Reply at 17. Also, according to Plaintiffs, Defendant Daniel Benitez, a resident of McKinney, Texas, located in the Eastern District of Texas, was active in the alleged conspiracy to retaliate against those who disaffiliated from the Bible Missionary Church. *Id*. Acts giving rise to Plaintiffs claims took place locally, and this court has an interest in adjudicating local disputes.

3. Unfairness of Burdening Citizens in an Unrelated Forum with Jury Duty

The Eastern District of Texas, Sherman Division, is not an unrelated forum. Acts giving rise to Plaintiffs' claims, such as the publication of defamatory statements by the Defendants, allegedly took place in the Eastern District of Texas. Citizens in the Eastern District of Texas would not be unfairly burdened with jury duty in this case.

4. Avoidance of Unnecessary Problems in Conflict of Laws

Neither party has addressed this factor, and at present, the court cannot foresee any problems arising with conflict of laws. This is a neutral factor.

Because Bible Missionary Church has not carried its burden of establishing what inconvenience it would suffer should this case remain in the Eastern District of Texas and because several of the factors weigh against transfer, the court DENIES Bible Missionary Church's Motion to Transfer Venue.

IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

An order granting a Rule 12(b)(6) motion to dismiss is "appropriate where 'it appears beyond doubt that the plaintiff can provide no set of facts in support of his claim which would entitle him to relief.'" *Bauer v. Texas*, 341 F.3d 352, 356 (5th Cir. 2003) (citing *Conley v. Gibson,* 355 U.S. 41 (1957)). "In making this determination, the court accepts as true all allegations contained in the plaintiff's complaint and all reasonable inferences are to be drawn in favor of the plaintiff's claims." *Id*. (citing *Kaiser Aluminum & Chem. Sales Inc. v. Avondale Shipyards*, *Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982)).

The Plaintiffs have brought claims for intentional infliction of emotional distress, tortious interference with prospective relations, negligent supervision, defamation, negligence, gross negligence, civil conspiracy, slander to title, declaratory judgment and injunctive relief. *See* Pls.' Third Am. Compl. Accepting as true all the allegations set forth in the Plaintiffs' Third Amended Complaint and drawing all reasonable inferences in favor of the Plaintiffs, it appears to the court that Plaintiffs have set forth cognizable claims supported by fact. Therefore the court DENIES

Defendant's Motion to Dismiss for Failure to State a Claim.

CONCLUSION

The court hereby DENIES Defendant Bible Missionary Church, Inc.'s Rule 12(b) Motion to Dismiss for Failure to State a Claim and/or For Lack of Subject Matter Jurisdiction, Motion to Dismiss or to Transfer Based Upon Venue in its entirety.

**SIGNED this the 14th day of September, 2005.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE